(No. 56125.—

*In re* ALAN JEROME FEDER, Attorney,
Respondent.

*Opinion filed November 18, 1982.*

David Beckerman, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

William J. Martin and Robert A. Merrick, Jr., of Chicago, for respondent.

CHIEF JUSTICE RYAN delivered the opinion of the court:

On December 4, 1980, the Administrator of the Attorney Registration and Disciplinary Commission filed a complaint charging respondent, Alan Jerome Feder, with conduct which tends to defeat the administration of justice and bring the courts and legal profession into disrepute. A panel of the Hearing Board found respondent to be guilty of conduct in violation of Disciplinary Rules 1—102(a)(4), 1—102(a)(5) and 9—102(c)(4), and recommended that he be suspended from the practice of law for six months and until further order of court. (84 Ill. 2d Rules 1—102(a)(4), 1—102(a)(5), 9—102(c)(4).) Both the respondent and the Administrator filed exceptions.

The Review Board affirmed the Hearing Board's finding that respondent's conduct warrants discipline but disagreed with the sanction recommended. Instead, the Review Board recommended that respondent be suspended for a period of two years and until further order of court, and respondent filed exceptions.

Respondent was admitted to practice in Illinois in 1958. He is a sole practitioner, engaged in the general practice of law. The three-count complaint charged him with misconduct as follows: first, that he endorsed his client's name to a settlement draft without authorization and converted the funds to his own use; second, that he withheld funds owed for medical expenses out of the proceeds of another settlement and failed to pay this money to the providers of medical services; third, that he deliberately attempted to mislead the Commission in its investigation.

Respondent now raises before this court a single issue: whether the totality of the evidence warrants a suspension for two years and until further order of court. It is respondent's position that censure would be a more appropriate sanction. To support his position, respondent

seeks to characterize his misconduct as "negligent, rather than deliberate," a product of "poor bookkeeping and office procedures, as well as even poorer judgment." Respondent also objects to the provision "until further order of court."

Before considering what sanction is, in fact, appropriate, a review of the facts is necessary. The first instance of misconduct occurred in June 1979, when respondent settled a workers' compensation claim for his client, Ruby Aquiniga Apuzzo, for $1,938. Respondent received the check from the insurance company, signed his client's name and his name on the check, and deposited it in his trust account. Shortly thereafter, respondent's client telephoned him to inquire whether he had received the check. He told her that he had not received the check, but that he would contact her when it arrived. She later called the insurance company and was informed that the check had been in respondent's possession for about one month. After contacting respondent's office again, and conveying the information she had received from the insurance company, the client received her check the following week. During the period respondent had detained his client's funds, the balance of his trust account fell below the amount due her.

Prior to the hearing, respondent admitted to all but one of the factual allegations in the three-count complaint. The only dispute concerns whether respondent had the oral authority which he claimed to sign his client's name to the check. The hearing panel and the Review Board resolved the dispute in favor of the client's testimony that she had never given respondent authority to sign her name.

The second instance of misconduct involved the settlement proceeds of two personal injury cases arising out of one accident. The insurance company issued the settlement checks on April 8, 1977. Respondent then disbursed

to each client his respective share of the settlement proceeds, withholding the amounts due and owing for various medical expenses. He did not, however, disburse the amounts withheld to pay the medical expenses. It was not until after the initiation of the instant disciplinary proceedings that respondent finally paid the medical expenses. During the two-year period between the date of settlement and the date of payment, respondent's account periodically dropped below the $1,027 that he withheld from the settlements but did not pay.

The third instance of misconduct occurred when respondent attempted to mislead the Commission with regard to his failure to pay the medical expenses referred to above. During the investigation, respondent wrote a letter to the Commission indicating that he had located the pertinent office file relating to the above matter and had discovered in it three settlement checks for medical expenses which should have been mailed when the settlement proceeds were disbursed. He also indicated that he had made out replacement checks to pay the long-overdue medical expenses. Respondent later admitted that, in fact, there had been no such checks written at the time of disbursement.

The final responsibility for determining what discipline should be imposed rests with this court. (*In re Pappas* (1982), 92 Ill. 2d 243, 247.) Determining that the conduct which occurred requires discipline is often considerably less difficult than determining the appropriate nature and extent of the discipline.

In the instant case, the hearing panel, in making its recommendation of suspension for six months and until further order of court, noted that there was no evidence that respondent had previously been involved in unprofessional conduct, and that respondent's clients had, in fact, received their shares of the settlement proceeds, albeit with some delay. The hearing panel also noted, how-

ever, that there was "almost no dispute" that respondent's conduct was serious and warranted discipline and that respondent's misstatements to the Commission clearly compounded his errors.

The members of the Review Board adopted the findings of fact made by the hearing panel but disagreed with the proposed sanction, stating:

"That the conduct of the Respondent warrants substantial discipline is clear. *** [T]he Board is unanimous in the opinion that an attorney found guilty of the conduct evidenced herein should not be allowed to resume practice absent a showing of rehabilitation. We are also unanimous in the opinion that there is absolutely no evidence of rehabilitation in this record. Thus, an Order providing for suspension for two years and until further Order of Court insures that a proper showing of rehabilitation will be made before the Respondent is allowed to resume practice."

In his reply brief respondent acknowledges that discipline is appropriate but seeks to have the minimum sanction, *i.e.*, censure, imposed. In particular, respondent seeks to minimize the seriousness of his misrepresentations to the Commission by characterizing his conduct as an act of "human frailty" and an "inartful attempt to conceal his negligence and avoid the resulting shame and embarrassment ***." Additionally, respondent objects to the provision in the sanction, "until further order of court," arguing that it is usually reserved for situations in which the attorney is emotionally unstable and that "[r]espondent's emotional stability is not at issue here."

We agree with respondent that the sanction "until further order of court" is unnecessary and inappropriate in this instance. As we have previously held, the provision "until further order of court" is generally reserved for situations in which the attorney is emotionally unstable. *In re Grant* (1982), 89 Ill. 2d 247, 255; *In re O'Hallaren* (1976), 64 Ill. 2d 426, 434.

In our consideration of the appropriate sanction to be imposed, two cases are particularly relevant: *In re Turner* (1979), 75 Ill. 2d 128, and *In re Dombrowski* (1978), 71 Ill. 2d 445. In *In re Turner*, the respondent was charged with having commingled and converted funds he received on behalf of three clients for the settlement of their personal injury claims and with giving false testimony before a panel of the Inquiry Board in connection with its investigation of his conduct. After receiving a check from the insurance company, the respondent signed his clients' names to the check, without authorization, and deposited it in his personal bank account. Respondent did not pay his clients their share of the settlement proceeds until one day before the scheduled hearing before the inquiry panel, over 2½ years from the date the insurance company issued the settlement check.

In *Turner* this court found the appropriate sanction to be suspension from the practice of law for a period of three years. In that case a more severe sanction than the one which we impose in the instant case was justified because of the additional element of commingling of funds. Here, the funds were deposited in a trust account.

In *In re Dombrowski* (1978), 71 Ill. 2d 445, the client initially agreed to a settlement in a personal injury action but later refused to sign the release when she discovered how small her net recovery would be. Respondent subsequently signed his client's name to the release, after she refused to give him further instructions, and also signed her name to the insurance check before depositing it in a fiduciary account. Respondent failed to notify his client of the recovery and later transferred the funds to an interest-bearing account. There was no charge that respondent had misappropriated his client's funds. On the basis of his conduct, this court ordered that the respondent be suspended for a period of one year.

In the case presently before us, while there was no com-

mingling, the balance in the trust account fell below that which should have been paid out. Accordingly, we suspend respondent from the practice of law in this State for a period of one year.

*Respondent suspended.*